MURIEL H. EICHELBERGER, ADMINISTRATRIX AD PROSE-QUENDUM, ETC., PLAINTIFF-RESPONDENT, v. INTER-CITY TRANSPORTATION CO., INC., ET AL., DEFEND-ANTS-APPELLANTS.

Submitted October 3, 1939—Decided January 8, 1940.

596

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the appellants, *Charles A. Rooney.*

For the respondent, *Cecil Hart* and *Charles C. Stalter.*

The opinion of the court was delivered by

Donges, J. This is an appeal from a judgment of the Passaic County Court of Common Pleas entered upon the verdict of a jury in favor of the plaintiff. Plaintiff brought suit as administratrix *ad prosequendum* of the estate of her husband, Donald McCrea Eichelberger, who met his death in a collision between an automobile operated by him and a bus owned by the defendant Inter-City Transportation Co., Inc., and operated by the defendant John L. Grove. The accident occurred on April 9th, 1938, at four-thirty P. M., on State Highway Route No. 4 in Paramus. This road is a four-lane highway with white lines marking the lanes. Decedent was proceeding in an easterly direction in the eastbound lane nearer the center line of the road, and the defendant's bus was proceeding westwardly in the westbound lane nearer the center line of the road. The contention of the plaintiff at the trial was that the bus swerved across the center line into the lane in which decedent was approaching and struck his car. The

defendants on the other hand contended that decedent swerved across the center line in front of the bus, thus causing the collision. There was a head-on collision of considerable force and Eichelberger was killed. A dispute of fact was raised by the evidence as to where the collision occurred, whether over the center line in the eastbound lane or over the center line of the westbound lane. A jury question was thus created and the appellant does not claim otherwise.

The first point argued is that the trial court erred in refusing to permit the defendants to account for the absence of certain witnesses. There were thirteen passengers on defendant's bus at the time of the accident and six of them testified for the defendants. Defendants offered a witness to testify as to the reasons the other seven were not produced and the exclusion of this testimony is the ground of appeal upon which this point is based. It is true that under certain circumstances the failure to produce a witness who is shown by the evidence adduced to be likely to have pertinent knowledge of the transaction under scrutiny may create an inference that the witness was not produced because his testimony would be unfavorable to the party. *Drennan* v. *Housman,* 7 *N. J. Mis. R.* 91. And it may be taken as established that under such circumstances a party may explain his inability to produce such a witness. *State* v. *Raymond,* 53 *N. J. L.* 260. But under the circumstances of the instant case, we see no harm to the appellants. The offer of this testimony was made in the presence of the jury and at that time the attorney for the plaintiff expressly waived any right to comment upon the failure to produce the other passengers, saying that he would confine himself to comment upon the testimony of those produced. He made the further statement that he likewise had endeavored to locate some of the bus passengers and had been unsuccessful. It is not claimed that any point was made by the plaintiff at the trial of such failure to produce the witnesses or explain their absence. The trial judge did not charge the jury that they could or should draw any inferences from the absence of the witnesses. It did not appear from the evidence that any of the missing passengers had any peculiar knowledge that would throw light on the accident.

They were merely passengers and some of the passengers who did testify saw little or nothing that was pertinent to the issue. A reading of the record indicates that this was not an element in the case at all and we fail to see anything to indicate harm to the appellants on this ground.

The next point is that it was error to charge as follows:

"Now, then, as a practical matter, it was admitted during the course of the trial that Mr. Eichelberger, the deceased, came to his death as a result of this accident; so that in your determination you merely have to determine whether or not there was any negligence on the part of the bus operator, because if there was, then you may take it for granted that this man's death was the natural and proximate result of that negligence."

The contention is that it should have been left for the jury to say whether or not the defendants were negligent and, if so, whether such negligence was a natural and proximate cause of the injury sustained or losses involved.

An examination of the record discloses that at this point the court interrupted his charge and the following colloquy occurred:

"Now, I think, I am safe in saying that—Mr. Rooney, am I not, or are you going to except to it?

"Mr. Rooney: The death was the result of that negligence?

"The Court: Was the result of the accident, not necessarily of any negligence.

"Mr. Rooney: I think your honor should also include there that the negligence must be the proximate cause of that happening.

"The Court (resuming his charge to the jury): So far as you are concerned, the death of Mr. Eichelberger was occasioned by the accident. So that the thing that you have to determine is, whether or not there was any negligence on the part of the operator of this bus, which resulted in the accident, and whether that negligence was the proximate cause of the death of the decedent, Mr. Eichelberger."

It thus appears that the court immediately changed his charge to conform to the request of the attorney for the defendants. As so changed it meets the objection now argued.

Appellants contend that the rule is that a correct statement in one portion of a charge does not correct an erroneous statement in another. But here we have a situation where the court immediately and at the request of counsel made a change. It is true that he did not expressly tell the jury to disregard the previous paragraph, but it is so clear and obvious as to be beyond argument that what was intended was to alter a statement made to which counsel objected. The jury could not have thought otherwise. So that, if the first statement was erroneous in a case where the factual issues were as narrow as here, which we are not deciding, there could be no injury to the appellants. At this point in the charge the court was dealing only with the negligence of the defendants. Subsequently he adequately charged on the question of the negligence of the decedent, both as the sole cause and as a contributing cause of the accident and death. And no complaint is made on that score.

The third and last point is that it was error to refuse to charge the following request submitted by appellants:

"In determining as to whether or not either driver acted as a reasonably prudent person in the operation of his motor vehicle, you may consider the physical condition of such operator and whether or not the circumstances of the happening of the accident and those which may be proved occurred prior to the happening of the accident, indicate that such operator was or was not fatigued, drowsy or in a generally unfit condition to operate a motor vehicle."

An examination of the record fails to disclose any testimony as to the physical condition of either driver, so there appears to be no factual basis to warrant the charging of this request. The defendants' line of argument is that because it was in evidence that the decedent left his home in Rochester, New York, at six-thirty in the morning of the day of the accident, and was in Paramus, New Jersey, approximately three hundred miles from Rochester, at four-thirty-five in the afternoon, the jury could infer that he had been driving for ten hours without rest and was fatigued. But we think the charge, as worded, could not be insisted upon in the absence of testimony as to physical condition. It is settled that where

a request to charge contains no principle of law but is a mere comment on evidence, there is no obligation on the trial judge to charge such comment. *Bonhard* v. *Ginden,* 104 *N. J. L.* 600. So where, as here, there was no testimony concerning physical tiredness or fatigue on the part of the decedent, comment that such condition existed would be mere speculation at best and inappropriate in the court's charge.

The judgment is affirmed, with costs.